MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile:  (808) 376-8695
E-Mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile:  (808) 526-0307
E-Mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Leeann I. Mokiao

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEEANN I. MOKIAO, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| HAWAIIAN ELECTRIC LIGHT COMPANY, INC., | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff LEEANN I. MOKIAO, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## STATUS OF THE PARTIES

1. Plaintiff LEEANN I. MOKIAO (hereinafter "MOKIAO") is and was at all times mentioned herein a resident of Hilo, State of Hawaii.

2. Defendant HAWAIIAN ELECTRIC LIGHT COMPANY, INC., (hereinafter "HAWAIIAN") is and was at all times mentioned herein is a domestic profit corporation incorporated in the State of Hawaii, and is a subsidiary of Hawaiian Electric Company, Inc.

## NATURE OF THE CASE

3. Plaintiff was hired by Defendant HAWAIIAN on June 4, 2007, as a payroll accountant in the Corporate Accounting Department. In June 2010, Plaintiff joined the Human Resources Department (HR) and worked in that department until February 28, 2019, when she was constructively terminated.

4. Plaintiff had post traumatic stress disorder (PTSD) while working for Defendant HAWAIIAN. She had been diagnosed with PTSD in 1997. Plaintiff was under medical care for the PTSD while she worked for Defendant. Plaintiff's supervisors were aware of her PTSD condition.

5. Plaintiff was denied reasonable accommodations for her PTSD when among other actions, she asked for but was denied reduced hours, was denied a transfer to a less stressful job, and was denied a request to withdraw an advance resignation she had been asked to submit.

6. Plaintiff was also discriminated against due to sex when two males were hired to replace her after she was not allowed to withdraw an advance resignation she had submitted.

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) based upon disability and sex discrimination and retaliation which was assigned case number 37B-2019-00434.

## JURISDICTION

8. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990, as amended by the ADA Amendments Act of 2008, and Title VII of the Civil Rights Act of 1994.

9. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the EEOC on May 27, 2021.

## STATEMENT OF FACTS

10. Plaintiff was hired by Defendant HAWAIIAN in June 2007, as

an accountant in the Corporate Accounting Department. In 2010, Plaintiff transferred to the HR Department and remained as an employee of that department until February 28, 2019.

11. Plaintiff's job in HR was very stressful and required working 55 to 80 hours per week. There had been five employees in HR when she started working but the Defendant reduced the number of employees to three.

12. Plaintiff had a PTSD condition during the time she worked at Defendant HAWAIIAN. The Plaintiff had PTSD since 1997 after she had an abusive marriage which included physical assaults.

13. The PTSD caused Plaintiff to have problems breathing, concentrating, sleeping and seeing. At times, Plaintiff would have severe migraine headaches. Plaintiff also could not tolerate aggressive or combative behavior. Plaintiff's supervisors, including Carla Citwood, Rhea Lee Moku and Kevin Waltjen, as well as Defendant HAWAIIAN's President were aware of Plaintiff's disability.

14. Plaintiff was having problems dealing with the stress of the job, and requested an accommodation of reduced hours because of her PTSD, but was denied the accommodation. She also asked that Defendant HAWAIIAN hire additional employees in the HR Department which was not done until after she was no longer

an employee. Plaintiff also complained about discrimination harassment from co-workers, but Defendant HAWAIIAN did not take action to stop or address the harassment.

15. In October 2018, Plaintiff received an undeserved written reprimand following an investigation which did not include her participation. Plaintiff complained to her supervisor that this reprimand was due to disability discrimination and retaliation.

16. Because she was not given an accommodation, Plaintiff decided she would need to leave the HR Department and transfer to another department with less stress.

17. Plaintiff was asked to submit an advance resignation from HR which she did in November 2018.

18. Plaintiff was to work in HR until February 28, 2019, or later.

19. In December 2018, Plaintiff applied for the transfer to another department which had a job available, but was denied the transfer in December 2018, after she had already submitted an advance resignation from HR.

20. In January 2019, Plaintiff wanted to withdraw her resignation since her job had not been filled, and was still available. In early February 2019, the request to withdraw her resignation was denied, and became effective on February 28, 2019. Defendant hired two male employees to work in HR to replace Plaintiff.

21. The discriminatory actions of Defendant and its employees as described above are intentional, oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

22. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

23. The Americans With Disabilities Act of 1990, as amended, prohibits discrimination due to a disability, and requires an employer to provide a reasonable accommodation to a person with a disability. It also provides that an employer must not retaliate against an employee for complaining about discrimination.

24. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990, as amended.

25. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

26. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from

unlawful employment practices, and great humiliation, which is manifest in emotional distress.

27. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II - SEX DISCRIMINATION

28. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

29. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to sex (female) and based on retaliation for complaining of discrimination.

30. The aforesaid acts and/or conduct of Defendant and its employees/agents constitutes discrimination as they were acts and/or failure to act by Defendant and its employees/agents in direct violation of Title VII of the Civil Rights Act of 1964, as amended.

31. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

32. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

33. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

WHEREFORE, upon a hearing hereof Plaintiff MOKIAO prays that judgment be entered on all Counts:

A. For reinstatement to Plaintiff MOKIAO's position with Defendant HAWAIIAN, including all benefits; and

B. For all damages to which Plaintiff MOKIAO is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, August 25, 2021.

                    /s/ Charles H. Brower
                    CHARLES H. BROWER
                    MICHAEL P. HEALY
                    Attorneys for Plaintiff
                    Leeann I. Mokiao