IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEEANN I. MOKIAO,<br><br>          Plaintiff,<br><br>     vs.<br><br>HAWAIIAN ELECTRIC LIGHT<br>COMPANY, INC.,<br><br>          Defendant. | CIV. NO. 21-00362 JAO-RT<br><br><br>FINDINGS AND<br>RECOMMENDATION TO DENY<br>DEFENDANT HAWAIIAN<br>ELECTRIC LIGHT COMPANY,<br>INC.'S MOTION FOR<br>ATTORNEYS' FEES AND COSTS |

**FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT HAWAIIAN ELECTRIC LIGHT COMPANY, INC.'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

Before the Court is Defendant Hawaiian Electric Light Company, Inc.'s

("Defendant") *Motion for Attorneys' Fees and Costs* ("Fee Motion"), filed on

August 29, 2023.  ECF No. 90.  Defendant seeks attorneys' fees in the amount of

$50,729.00 for work performed by its attorneys and costs in the amount of

$3,366.37 to litigate Plaintiff LeeAnn I. Mokiao's ("Plaintiff") sex discrimination

claim for a total of $54,095.37 in fees and costs.  ECF No. 90-1 at PageID.1114.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("LR" or "Local Rules").

After careful consideration of the *Fee Motion*, supporting memoranda, records in this case and relevant legal authority, the Court **FINDS** that the Defendant should not be awarded its fees and **RECOMMENDS** that the *Fee Motion* be **DENIED**.

## BACKGROUND

Plaintiff filed her *Complaint* on August 25, 2021, alleging claims of (1) disability discrimination ("Count I") and (2) sex discrimination ("Count II"). ECF No. 1 at PageID.6-7. Plaintiff's claims arise from her employment with Defendant, her resignation, and Defendant's refusal to accept Plaintiff's rescission of her resignation.

On January 25, 2023, Defendant filed a *Motion for Summary Judgment* arguing that under *Count I*, Plaintiff "cannot establish that she is a disabled person within the meaning of the ADA or that she suffered an adverse employment action because of her alleged disability." ECF No. 44 at PageID.138. Defendant also argued that under *Count II*, "Plaintiff cannot meet her burden of establishing that she was subject to an adverse employment action or that similarly situated individuals outside her protected class were treated more favorably." *Id.*

On March 24, 2023, the district court issued its *Order Granting Defendant's Motion for Summary Judgment* ("Summary Judgment Order") and granted summary judgment on both claims in favor of the Defendant.  ECF No. 68.  On April 7, 2023, Plaintiff filed a *Motion for Reconsideration of and to Alter or Amend the Court's Order Granting Defendant's Motion for Summary Judgment Entered on March 24, 2023* ("Motion for Reconsideration").  ECF No. 71.  The district court denied the *Motion for Reconsideration* on April 19, 2023.  ECF No. 74.

On July 11, 2023, the Clerk's Office entered judgment in favor of the Defendant.  ECF No. 81.  On August 29, 2023, Defendant filed the instant *Fee Motion*.  On September 8, 2023, Plaintiff filed a *Memorandum in Opposition to [Defendant's Fee Motion] Filed August 29, 2023* (ECF No. 91) ("Opposition"), and on September 14, 2023, Defendant filed its *Reply Memorandum in Support of [Defendant's Fee Motion]* (ECF No. 93) ("Reply").

## **DISCUSSION**

This Court has jurisdiction over this case based on federal question jurisdiction.  ECF No. 1 at PageID.3.  The *Fee Motion* presently before this Court was brought pursuant to Rule 54(d) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), LR54.2 and 42 U.S.C. § 2000e-5(k).  ECF No. 90 at PageID.1092-1093.  Pursuant to 42 U.S.C. § 2000e-5(k),

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

In this case, the Defendant prevailed on both *Counts I* and *II*, and judgment was entered in favor of the Defendant (ECF No. 81), making Defendant the prevailing party.  The Defendant seeks to recover attorneys' fees and costs related to *Count II* only, which is Plaintiff's sex discrimination claim under Title VII of the Civil Rights Act of 1964, as amended.  In opposing the *Fee Motion*, Plaintiff did not oppose or dispute that the Defendant is the prevailing party.  However, "[a]ttorneys' fees may be awarded [under 42 U.S.C. § 2000e-5(k)] in the court's discretion; they are not automatic."  *Silver v. KCA, Inc.*, 586 F.2d 138, 143 (9th Cir. 1978) (citing 42 U.S.C. § 2000e-5(k)).

In exercising its discretion, the Court applies different standards when a plaintiff is the prevailing party in a Title VII action versus when a defendant is the prevailing party in a Title VII action.  *See Dosier v. Miami Valley Broad. Corp.*, 656 F.2d 1295, 1301 (9th Cir. 1981).  A prevailing plaintiff is awarded "attorneys' fees unless 'special circumstances' make the award unjust[.]"  *Id.* (citing *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968)) (citations omitted).  This policy favoring an award of attorneys' fees to a prevailing plaintiff does not apply to a prevailing defendant.  *Id.* (citing *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 418-19 (1978)).  This is because "the policy behind

awarding attorney fees in a Title VII case is much weaker when the prevailing party is the defendant." *Shah v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 270 n.2 (9th Cir. 1981) (citation omitted).  In fact, there exists a "strong public policy against awarding fees to the defendant in a Title VII case." *Burks v. California Highway Patrol*, 44 Fed. Appx. 108, 109 (9th Cir. 2002) (citation omitted).  "Only in exceptional cases did Congress intend that defendants be awarded attorney's fees under Title VII." *Mitchell v. Off. of Los Angeles Cnty. Superintendent of Sch.*, 805 F.2d 844, 848 (9th Cir. 1986).

The policy favoring a prevailing Plaintiff is "to promote the vigorous enforcement of the provisions of Title VII." *Christiansburg*, 434 U.S. at 422. "The only purpose served by awarding attorneys' fees to a prevailing defendant is to discourage frivolous litigation." *Dosier*, 656 F.2d at 1301 (citation omitted). Accordingly, the district court may exercise its discretion and award a prevailing defendant in a Title VII case attorneys' fees if the "court finds that [a plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Burks*, 44 Fed. Appx. at 109 (citing *Christiansburg*, 434 U.S. at 422).  The defendant need not establish that a plaintiff acted in bad faith and fees may be awarded "even though [the action was] not brought in subjective bad faith." *E.E.O.C. v. Bruno's Restaurant*, 13 F.3d 285, 287 (9th Cir. 1993) (citing *Christiansburg*, 434 U.S. at 421-22).  "A case may be deemed frivolous only when the result is obvious or the . . . arguments of error are

wholly without merit." *Gibson v. Off. of Atty. Gen., State of California*, 561 F.3d

920, 929 (9th Cir. 2009) (citations omitted) (internal quotes omitted).

The Defendant argues that Plaintiff's pursuit of *Count II* was baseless,

frivolous, unreasonable, or groundless for the following reasons:

> [1]  As a matter of law, the denial of a request to rescind a voluntary
> resignation is simply not an adverse employment action . . .
> [2]  Plaintiff had no credible evidence to suggest that similarly situated male
> employees were treated differently . . .
> [3]Plaintiff never had any evidence that contradicted the non-discriminatory
> explanations for its decisions not to permit Plaintiff to rescind her
> resignation.

ECF No. 90-1 at PageID.1100-1101.  The Defendant points out that the district

court noted that "Plaintiff all but conceded Count II, acknowledging that the

evidence in support of it is weak.  And it is weak." *Id.* at 1101 (citing ECF No. 68

at PageID.799).  The Defendant also notes that the district court found that

"Plaintiff's counsel conceded at the hearing [that] the record is bare of any

information regarding the positions and responsibilities these male employees had,

and other information related to the circumstances of their resignations and

rescissions."  ECF No. 68 at PageID.802; ECF No. 90-1 at PageID.1113.

The Defendant notes that the district court agreed with each of the

Defendant's arguments for summary judgment in the *Summary Judgment Order*,

but acknowledges that an award of summary judgment does not provide a basis for

fees.  ECF No. 90-1 at PageID.1110.  Indeed, the Court "must avoid *post hoc*

reasoning by concluding that, because a plaintiff did not ultimately prevail, his

action must have been unreasonable or without foundation." *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 976 (9th Cir. 2011) (citation omitted). The Defendant thus argues that *Count II* was baseless because it failed from the outset. ECF No. 90-1 at PageID.1112. The Defendant claims that not only did the denial of Plaintiff's request to rescind a voluntary resignation not constitute an adverse employment action, but the Plaintiff was also aware that the Defendant "attempted to replace Plaintiff with another female employee and Plaintiff admitted that a female employee had previously rescinded her resignation." ECF No. 90-1 at PageID.1112-1113. Accordingly, the Defendant argues that the Plaintiff was aware from the outset that her sex discrimination claim would fail, particularly because Plaintiff could not establish two out of the four elements required to bring a sex discrimination case.

Plaintiff opposes the *Fee Motion* on the basis that Plaintiff was not aware when she filed her *Complaint* that her sex discrimination claim was frivolous, unreasonable or groundless. ECF No. 91 at PageID.1218. Plaintiff argues that at the outset, there was evidence of sex discrimination in that three male employees were allowed to rescind their resignations and that two males were hired to replace Plaintiff. *Id*. at 1218-1219. Plaintiff argues that only "[a]fter discovery was conducted and after the [*Motion for Summary Judgment*] was filed and briefed, it was apparent that the sex discrimination claim was <u>weak</u> in light of evidence and arguments presented by [the] Defendant." *Id*. at 1219. Plaintiff also argues that

"Defendant never requested that Plaintiff consider dismissal of the sex discrimination claim during the proceedings." *Id*. at 1221. The Court does not find this last argument particularly persuasive or determinative and agrees with the Defendant in that there is no requirement of such shifting of burden of proof such that the Defendant "is not entitled to fees simply because" the Defendant did not seek dismissal of *Count II* during the proceedings. ECF No. 93 at PageID.1236.

While the Court notes that the district court found that Plaintiff's arguments were "weak," the district court did not find that Plaintiff's sex discrimination claim was based on speculation such that *Count II* was frivolous from the outset. Similarly, the Court cannot find that Plaintiff's sex discrimination claim was "brought without an arguable basis in law or fact." *Stewart v. Burlington N. Santa Fe R.R.*, 31 F. Supp. 2d 1243, 1244 (W.D. Wash. 1999). Indeed, "[i]n determining whether [the] standard [for a fee award] has been met, a district court must assess the claim at the time the complaint was filed[.]" *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 976 (9th Cir. 2011) (citation omitted). "To take the further step of assessing attorney's fees against [a plaintiff] simply because [a plaintiff did] not finally prevail would substantially add to the risks inhering in most litigation" and would disregard the policy to vigorously enforce the provisions of Title VII. *Christiansburg*, 434 U.S. at 422.

> This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no

8

> matter how meritorious one's claim may appear at the outset, the course of
> litigation is rarely predictable. Decisive facts may not emerge until discovery
> or trial. The law may change or clarify in the midst of litigation.

*Id.*  Further, "[t]here is a significant difference between the bringing of cases with

no foundation in law or facts at the outset and the failure to present evidence

sufficient to justify relief at trial."  *Mitchell v. Off. of Los Angeles Cnty.*

*Superintendent of Sch.*, 805 F.2d 844, 847 (9th Cir. 1986).

The Court finds that Plaintiff's sex discrimination claim may have appeared

questionable or even considered "weak" at the summary judgment phase, but the

Court cannot find that this action had no arguable basis in law or facts at the outset.

*See Stewart*, 31 F. Supp. 2d at 1244 (the court found that the plaintiff's claims

were brought without an arguable basis in law and fact in that the "plaintiff had in

his possession all information necessary to determine that such claims were not

viable, and yet filed them anyway").  The Court notes that for the district court to

determine that the "failure to accept a rescission of resignation is not an adverse

employment action[,]" neither the parties nor the district court cited mandatory

Ninth Circuit precedent.  ECF No. 68 at PageID.798 (citing *Porter v. Houma*

*Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 947 & n.11 (5th Cir.

2015)) (internal citations omitted).  This proposition, although adopted in various

federal courts, was not immediately enforceable as a matter of law in the Ninth

Circuit.  The district court and the Defendant relied on persuasive authority from

the Fifth Circuit and not binding, mandatory authority directly from the Ninth

Circuit.  *Id.*  The district court ultimately adopted the Fifth Circuit's reasoning, but was not required to do so under the doctrine of stare decisis.  "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."  *Christiansburg*, 434 U.S. at 422.  Accordingly, the Court cannot find that Plaintiff's action was frivolous or meritless at the outset of the *Complaint*.[1]

The Court also disagrees with the Defendant that Plaintiff's claims were frivolous because Plaintiff lacked credible evidence to suggest that similarly situated employees were treated differently.  More specifically, the Defendant argues that the *Complaint* was frivolous in that Plaintiff knew that a female was offered Plaintiff's position and that another female was previously allowed to rescind her resignation.  However, even if it is established that Plaintiff was aware of these facts, this alone would not cause Plaintiff's sex discrimination claim to be frivolous.  The Defendant has argued that it is not enough to establish sex discrimination by simply claiming that certain individuals were treated differently than others: "[t]he mere fact that different individuals may have been treated

---

[1] Also, the district court stated in its *Order* that in Plaintiff's response to the *Motion for Summary Judgment*, Plaintiff belatedly asserted that "Defendant's refusal to allow Plaintiff's rescission amounts to constructive termination" but the district court would not permit the introduction of this new theory in an opposition to a motion for summary judgment.  ECF No. 68 at PageID.798.  The Court cannot say that the theory of constructive termination could not have been asserted sooner under the facts of this case if Plaintiff had timely sought to amend her *Complaint* to include this theory or that such a theory would have been unsuccessful.

differently under different circumstances cannot establish discrimination." ECF

No. 90-1 at PageID.1101.

It follows that in order to show that this action was frivolous, the Defendant

must also show that the Plaintiff had enough information or discovery to determine

that these females were similarly situated to herself. It is not enough that these

individuals belonged to the same protected class as Plaintiff. The law requires that

in order to show sex discrimination, a Plaintiff must show, *inter alia*, that

"similarly situated individuals outside [her] protected class were treated more

favorably." *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115,

1123 (9th Cir. 2000) (citation omitted). Thus, in order for the Defendant to prevail

on its argument, it must show that the Plaintiff not only knew of these females, but

knew they were similarly situated.[2] The Defendant has not provided any showing

that Plaintiff knew that these females were similarly situated and thus, the Court

cannot find that based upon this argument, Plaintiff's sex discrimination claim was

frivolous or that Plaintiff continued to litigate after this action became frivolous.

The Court also does not find persuasive Defendant's argument that

Plaintiff's lack of evidence contradicting Defendant's non-discriminatory

explanations renders Plaintiff's sex discrimination claim frivolous. The Defendant

argues that "Plaintiff **never** had any evidence" establishing its sex discrimination

---

[2] The Court's explanation is not intended to impose a burden on the Defendant but
to point out that the Defendant's argument is flawed and unpersuasive.

11

claim and notes that the district court stated in its *Order* that the evidence was "weak." ECF No. 90-1 at PageID.1113 (emphasis in original). However, as this Court has previously cited, "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg*, 434 U.S. at 422. Further, the district court's reference to Plaintiff's evidence as "weak" does not establish that the action was frivolous at the outset. The Court thus cannot find that the *Complaint* was frivolous, unreasonable, or groundless.

## **<u>CONCLUSION</u>**

Based on the foregoing, the Court **FINDS** that this action was not frivolous, unreasonable, or groundless. This is not a case where awarding attorneys' fees to a prevailing defendant is necessary to discourage frivolous litigation. Consistent with the strong public policy against awarding fees to a defendant in a Title VII case, the Court **RECOMMENDS** that the *Fee Motion* be **DENIED**.

//

//

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, December 21, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civil No. 21-00362 JAO-RT; *LeeAnn I. Mokiao v. Hawaiian Electric Light Company, Inc.*; Findings and Recommendation to Deny Defendant Hawaiian Electric Light Company, Inc.'s Motion for Attorneys' Fees and Costs